```
                     UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT


CASELLA WASTE SYSTEMS, INC.,        :
FCR, LLC,                           :
GREEN MOUNTAIN GLASS, LLC,          :
and CULCHROME, LLC,                 :
         Plaintiffs,                :
                                    :
              v.                    :   File No. 1:07-CV-150
                                    :
G R TECHNOLOGY, INC.,               :
ANTHONY C. LAME, and                :
ROBERT CAMERON BILLMYER             :
         Defendants.                :
_____:
```

RULING ON PENDING MOTIONS AND
ORDER OF REMAND
(Papers 13, 14, and 16)

I.  Introduction

This lawsuit is a business relationship gone bad between a number of entities engaged in the business of recycling.  Now pending are:

1. Plaintiffs' motion to remand for lack of subject matter jurisdiction (Paper 13);

2. Plaintiffs' motion to strike Defendants' opposition to the motion to remand (Paper 16); and

3. Defendants' motion to dismiss for lack of personal jurisdiction (Paper 14).

Having considered the materials submitted in support of and in opposition to these motions, for the following reasons the motion to strike is denied and the motion to remand is granted, making it unnecessary to decide the motion to dismiss.

1

II.  Background

On June 28, 2007, Plaintiffs filed their first amended complaint for declaratory relief in Rutland Superior Court seeking a decree of dissolution of Green Mountain Glass, LLC (Count V) as well as declarations that may be summarized as follows: (1) Defendant G R Technology has no rights to certain intellectual property (Count I) or revenues generated from Plaintiffs' business ventures related to solid waste recycling and a glass processing facility (Counts II and III); and (2) Plaintiffs have acted in good faith and not breached any fiduciary duties to each other or Defendants by pursuing certain business ventures (Count IV).  (Paper 10).

Defendants responded by filing a timely notice of removal asserting this Court has diversity jurisdiction under 28 U.S.C. § 1332 and further, has federal patent jurisdiction under 28 U.S.C. § 1338 because the first amended complaint "seeks declarations as to the scope, ownership and right to profit from various patents."  (Paper 1 at 2-3).

III. Analysis

A.  Order in which to address the motions

As an initial matter, the parties dispute the order in which the motions to remand and to dismiss should be addressed.  (Paper 14 at 8-9; Paper 19 at 1, n.1).  "Customarily, a federal court first resolves any doubts about its jurisdiction over the subject

matter of a case before reaching the merits or otherwise disposing of the case." Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 155 (2d Cir. 1996); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999).  Courts enjoy some discretion in this area though, and a motion challenging subject matter jurisdiction can take second place if, for example, the issue of "subject-matter jurisdiction is not easily resolved and [] the alternative ground is considerably less difficult to decide." Id.

Upon review of the motions to remand and to dismiss, one does not jump out as considerably less difficult to decide than the other.  In fact, they both seem to present their own challenges - addressing the motion to dismiss for lack of personal jurisdiction requires a factually intensive inquiry into a relatively complex fact pattern while the motion to remand requires a discrete inquiry into the thorny thicket of federal patent jurisdiction.  Thus, the Court sees no reason to diverge from the custom of first resolving subject matter jurisdiction. See, e.g., Codapro Corp. v. Wilson, 997 F. Supp. 322 (E.D.N.Y. 1998) (granting motion for remand and declining to consider motion to dismiss for lack of personal jurisdiction).

  B. Motion to strike

Another preliminary issue to dispose of before addressing the motion to remand is whether to strike Defendants' opposition

filing.  Plaintiffs argue it should be stricken as untimely because a motion to remand should be considered nondispositive and under L.R. 7.1(a)(3), opposition to a nondispositive motion "must be filed no more than 10 days after the motion is served."  The Court does not agree.

Defendants' opposition was filed outside of L.R. 7.1(a)(3)'s 10-day time period but within its 30-day time period applicable to dispositive motions.  So, the timeliness of Defendants' opposition hinges on whether a remand motion is dispositive or nondispositive.  The parties have thoroughly debated the proper characterization of a remand motion, (Papers 16, 18, and 24), and two things are clear: the law in this area is slightly unsettled and there is no controlling authority in this district.  When this perceived ambiguity is considered with the fact that the Clerk of the Court set the deadline for filing of Defendants' opposition as 30 days from service of the motion to remand, (Paper 18-2), Defendants should hardly be faulted for filing their opposition when they did.  Accordingly, Plaintiffs motion to strike is denied.[1]

---

[1] Prospectively speaking, the Court believes 30 days is a more reasonable time frame for a party to file an opposition to a remand motion.

C.   Motion to remand

Turning to the merits of the motion to remand, neither diversity of citizenship nor 28 U.S.C. § 1338 bestow the Court with subject matter jurisdiction over this controversy.

Because federal courts are courts of limited jurisdiction, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.  See Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994); see also Zerafa v. Montefiore Hosp. Hous. Co., Inc., 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum").  Practical considerations also underlie the heavy presumption against removal.  As stated by one court, it would "ill behoove us to retain the action if there is the slightest doubt as to our power to entertain it, and then face the possibility of jurisdictional dismissal by a higher court after the litigation had been fully concluded."  Am. Mut. Liab. Ins. Co. v. Flintkote Co., 565 F. Supp. 843, 850 (S.D.N.Y. 1983).  It is therefore understandable why the removing party bears the burden of showing the propriety of removal.  See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003).

Here, Defendants have not met their burden of showing a right to a federal forum.  First, there is no diversity jurisdiction under 28 U.S.C. § 1332(a) because at least one plaintiff, Casella Waste Systems, Inc., and one defendant, G R Technology, Inc., are citizens of Delaware, (Paper 10, ¶¶ 1, 6).  See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990) ("It is well established that for a case to come within [§ 1332] there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant.").

Defendants' reliance on 28 U.S.C. § 1338 is also unavailing.  Section 1338 provides district courts with "original jurisdiction of any civil action arising under any Act of Congress relating to patents[.]"  28 U.S.C. § 1338(a).  A claim arises under patent law when "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).  Importantly, inventorship, the "question of who actually invented the subject matter claimed in a patent," is a question of federal patent law while ownership, the "question of who owns legal title to the subject matter claimed in a patent, patents

having the attributes of personal property," is not a question of federal patent law.  Beech Aircraft Corp. v. EDO Corp., 990 F.2d 1237, 1248 (Fed. Cir. 1993); Jim Arnold Corp. v Hydrotech Sys., Inc., 109 F.3d 1567, 1572 (Fed. Cir. 1997) ("the question of who owns the patent rights and on what terms typically is a question exclusively for state courts").

Despite Defendants' argument that substantial patent questions such as inventorship and validity of the FCR Patents are lurking in the complaint, the Court does not find patent law to be a necessary element in any of Plaintiffs' claims.  All claims are couched in terms of state law, primarily contract, based upon agreements entered into by the parties starting in 2003 and their subsequent course of dealing.  See, e.g., (Paper 10, ¶¶ 17-33) (focusing on the GMG Operating Agreement, a managing members meeting, and Defendants' acknowledgments that, among other things, "the benefits of the FCR Patents inured, as they should, directly to FCR and Casella").  The closest the complaint comes to a substantial question of patent law is Count I which seeks a declaration as to the rights to the FCR Patents.  But when the complaint is fairly read in its entirety, the Court agrees with Plaintiffs that like Counts II and III, Count I is merely an ownership claim grounded in contract.  To be sure, resolution of Count I will require determination of ownership rights to the FCR Patents, but "the fact that a patent is the

7

property that is the subject of a contractual or ownership claim does not make that claim any less a question of state law, and therefore is not a basis for removal." Design Science Toys, Inc. v. McCann, 931 F. Supp. 282, 283 (S.D.N.Y. 1996).

At most, it appears Defendants intend to assert counterclaims and/or defenses based on inventorship and patent validity. It is well established, however, that an action does not "arise under" federal patent law if the federal question enters the lawsuit by way of a counterclaim or defense. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction"); Christianson, 486 U.S. at 809 ("a case raising a federal patent-law defense does not, for that reason alone, arise under patent law, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case") (internal quotation marks and citation omitted); Bd. of Regents v. Nippon Tel. & Tel. Corp., 414 F.3d 1358, 1363 (Fed. Cir. 2005) ("the presence of a possible question of inventorship does not convert the state law action into one arising under the patent laws").[2]

---

[2] Defendants' citation to Scherbatskoy v. Halliburton Co., 125 F.3d 288 (5th Cir. 1997), U.S. Valves, Inc. v. Dray, 190 F.3d 811 (7th Cir. 1999), and Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122 (D. Mass. 2000) does not do much, if anything, for their position because the claims at issue in those cases can

Accordingly, the Court concludes it is without subject matter jurisdiction over this controversy and that this action should be remanded to state court.

IV. Conclusion

For these reasons, it is hereby ORDERED:

1. Plaintiffs' motion to strike Defendants' opposition to the motion to remand (Paper 16) is DENIED;

2. Plaintiffs' motion to remand for lack of subject matter jurisdiction (Paper 13) is GRANTED;

3. Plaintiffs' accompanying request for costs and attorney's fees is DENIED; and

4. This matter is REMANDED to Rutland Superior Court for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of January, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

---

merely be analogized to counterclaims Defendants may wish to assert.